**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHENIQUE NESHELLE PERRIN,<br><br>Plaintiff, *pro se*,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-03445-LKG<br><br>Dated: September 17, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff *pro se*, Shenique Neshelle Perrin, brings claims for lack of equitable title, constructive fraud, injunctive relief, and for "equitable accounting" against the Defendants, U.S. Bank National Association ("U.S. Bank") and Lower, LLC D/B/A Homeside Financial ("Homeside Financial"), arising from a mortgage loan transaction involving a residential property located at 4317 Talmadge Circle, Suitland, Maryland 20746. *See generally* ECF No. 1. Defendant U.S. Bank has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF Nos. 15 and 15-1. Ms. Perrin has also filed a motion for judicial notice. ECF No. 17. The motions are fully briefed. ECF Nos. 15, 15-1, 17, 18 and 19. No hearing is necessary to resolve the motions. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** Defendant U.S. Bank's motion to dismiss (ECF No. 15); (2) **DENIES-as-MOOT** the Plaintiff's motion for judicial notice (ECF No. 17); and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, Ms. Perrin brings claims for lack of equitable title, constructive fraud, injunctive relief, and for "equitable accounting" against the Defendants, arising from a mortgage loan transaction related to a property located at 4317 Talmadge Circle, Suitland,

[1] The facts recited in this Memorandum Opinion are taken from the Plaintiff's complaint; Defendant U.S. Bank's motion to dismiss and the memorandum in support thereof; and the Plaintiff's response in opposition thereto. ECF Nos. 1, 15, 15-1 and 18.

Maryland 20746 (the "Property"). *See generally* ECF No. 1. Specifically, Ms. Perrin asserts the following claims against the Defendants in the complaint: (1) declaratory relief for lack of equitable title (Count I); (2) constructive fraud (Count II); (3) injunctive relief (Count III); and (4) equitable accounting (Count IV). *Id.* at 2-3. As relief, Ms. Perrin seeks, among other things, certain declaratory and injunctive relief. *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Shenique Neshelle Perrin is a resident of Maryland. ECF No. 1 at 4; ECF No. 1-1 at 1; ECF No. 1-4 at 1.

Defendant Lower, LLC D/B/A Homeside Financial is a Maryland limited liability company. ECF No. 1-4 at 1; ECF No. 12 at 2. [2]

Defendant U.S. Bank National Association is a bank located in Minneapolis, Minnesota that conducts business in the State of Maryland. ECF No. 1 at 1; ECF No. 1-4 at 2.

<u>Case Background</u>

As background, on or about September 15, 2021, Ms. Perrin executed a promissory note (the "Note") and security instrument related to the Property (the "Security Instrument"). ECF No. 1 at ¶ 5; *see also* ECF No. 1-2 (the Note and Security Instrument). And so, Ms. Perrin alleges in the complaint that the Security Instrument creates a lien on the Property. ECF No. 1 at ¶ 6; *see also* ECF No. 1-2.

<u>The Note</u>

The Note provides that Defendant Homeside Financial is the lender and Ms. Perrin is the borrower. ECF No. 1-2 at 1. The Note also provides that Ms. Perrin, as the borrower, "understand[s] that the Lender may transfer this Note" and that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.*

Ms. Perrin alleges that the Defendants did not lend any actual, pre-existing funds to her but, instead, monetized the Note *via* "internal bookkeeping entries" and credited her transaction escrow account with a deposit that was "created by [the Defendants'] accounting practices." ECF No. 1 at ¶ 7. Ms. Perrin also alleges that this mortgage loan transaction

---

[2] Maryland Business Entity Search, Lower, LLC, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (last visited Sep. 16, 2026) (Department ID: W15453111); Maryland Business Entity Search, Homeside Financial, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (last visited Sep. 16, 2026) (Department ID: T00516041); Homeside, https://www.homeside.com/ (last visited Sep. 16, 2026).

constitutes a secured transaction under Maryland law, pursuant to which she is the seller of a negotiable instrument and the Defendants are the secured party. *Id.* at ¶ 8.

In addition, Ms. Perrin alleges that the Defendants did not disclose to her "the economic substance of the mortgage loan transaction – that the bank would derive value by treating the Note as a financial asset to be sold, pledged, or monetized through secondary markets or Federal Reserve privileges." *Id.* at ¶ 9. Ms. Perrin also alleges that she "received no lawful consideration from [the Defendants] in the form of actual funds or money held in deposit, but rather [received] a deferred [] credit entry backed by" the Note. *Id.* at ¶ 10. And so, Ms. Perrin alleges that the mortgage loan transaction was structured to appear as a Federal Housing Administration ("FHA") loan but, in substance, it was a sale or secured transaction, whereby the Defendants retained legal, but not equitable, title to the Property. *Id.* at ¶ 11.

<u>The Plaintiff's Claims</u>

In the complaint, Ms. Perrin asserts the following four claims against the Defendants: (1) declaratory relief for lack of equitable title (Count I); (2) constructive fraud (Count II); (3) injunctive relief (Count III); and (4) equitable accounting (Count IV). *Id.* at ¶¶ 12-22.

Specifically, in her claim for declaratory relief in Count I of the complaint, Ms. Perrin seeks a declaration from the Court that the Defendants hold no equitable title to the Note, or the Security Instrument, based on the substance of the transaction. *Id.* at ¶ 13. Ms. Perrin also alleges that the Defendants should bear the burden of demonstrating that they extended lawful consideration to her and that the Note was not immediately used to generate funds or credit by the Defendants' own accounting processes. *Id.* at ¶ 14. And so, Ms. Perrin alleges that, absent such a showing by the Defendants, they lack standing to enforce the Note or the claims under the Security Instrument. *Id.* at ¶ 15.

In her claim for constructive fraud in Count II of the complaint, Ms. Perrin alleges that the Defendants failed to disclose the nature of the secured transaction as a monetization of the Note. *Id.* at ¶ 17. And so, Ms. Perrin alleges that the acts and omissions of the Defendants constitute constructive fraud. *Id.* at ¶ 18.

In her claim for injunctive relief in Count III of the complaint, Ms. Perrin alleges that the Defendants have initiated, or threatened to initiate, enforcement actions, including foreclosure or collections related to the Property. *Id.* at ¶ 19. And so, Ms. Perrin requests an injunction to restrain the Defendants from enforcing the Security Instrument or Note, until the Court determines the "equitable rights" of the parties. *Id.* at ¶ 20.

Lastly, in her claim for equitable accounting in Count IV of the complaint, Ms. Perrin seeks a full and fair accounting to determine: (1) whether the Note was sold, pledged or monetized; (2) whether the Defendants received value from any third party based on the Security Instrument; and (3) whether the Defendants continue to claim "holder-in-due-course or secured party status." *Id.* at ¶ 21.

**B. Procedural Background**

Ms. Perrin commenced this civil action on October 17, 2025. ECF No. 1. On December 10, 2025, Defendant U.S. Bank filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 15 and 15-1.

On December 26, 2025, Ms. Perrin filed a response in opposition to Defendant U.S. Bank's motion to dismiss. ECF No. 18.

Ms. Perrin filed a motion for judicial notice on December 26, 2025. ECF No. 17. On January 9, 2026, Defendant U.S. Bank filed a response in opposition to Ms. Perrin's motion for judicial notice. ECF No. 19.

These motions having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted).

And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

It is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). When certain parties are nondiverse, federal courts may drop a dispensable nondiverse party to cure a jurisdictional defect. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004); Fed. R. Civ. P. 21. A court should consider whether dismissing a defendant who destroys jurisdiction will prejudice any of the other parties. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989). In addition, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Otherwise, a federal court must have federal question jurisdiction, meaning a civil action "arising under the Constitution, laws, or treaties of the United States," to have subject-matter jurisdiction. 28 U.S.C. § 1331; *Pebbles v. Corp. Hollywood*, No. 25-797, 2025 WL 1079533, at *1 (D. Md. Apr. 10, 2025) (stating that federal courts have jurisdiction over cases when there is either federal question jurisdiction or diversity jurisdiction).

**B. Fed. R. Civ. P. 8(a) And 12(b)(6)**

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005)

(citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

**C. *Pro Se* Litigants**

Ms. Perrin is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

**D. Constructive Fraud, Injunctions And Equitable Accounting**

Under Maryland law, constructive fraud occurs when the defendant breaches "a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Franzoy v. Yockey*, 695 F. Supp. 3d 696, 700 (D. Md. 2023) (quoting *Canaj, Inc. v. Baker & Div. Phase III, LLC*, 893 A.2d 1067, 1095 (2006) (internal quotation marks omitted)). And so, constructive fraud "generally arises in a context of trust or confidence, such as a fiduciary duty or confidential relationship." *Dowling v. A.R.T. Inst. of Washington, Inc.*, 372 F. Supp. 3d 274, 295 (D. Md. 2019) (quoting *Chassels v. Krepps*, 235 Md. App. 1, 16, 174 A.3d 896 (2017)). The heightened pleading standard under Fed. R. Civ. P. 9(b) applies to claims for constructive fraud, requiring "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Franzoy*, 695 F. Supp. 3d at 700 (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And so, the Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013). These exceptions are: (1) when there is an expressly authorized Act of Congress; (2) when necessary, in aid of the federal court's jurisdiction; or (3) to protect or effectuate the judgments of the federal court. *See* 28 U.S.C. § 2283.

Lastly, under Maryland law, an equitable accounting is viewed as a remedy rather than an independent cause of action. *In re Rood*, 426 B.R. 538, 556 (D. Md. 2010). Given this, the Court has held that "[w]here a plaintiff has alleged independent causes of action that survive a motion to dismiss, equitable accounting may be available." *Sol v. M&T Bank*, 713 F. Supp. 3d 89, 110 (D. Md. 2024). Instances in which legal remedies are inadequate include: (1) where there are mutual accounts between the plaintiff and the defendant; (2) where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate remedy at law; and (3) where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account. *Id.* at 111.

## IV. ANALYSIS

Defendant U.S. Bank has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), upon several grounds. First, Defendant U.S. Bank argues that the Court should dismiss the complaint for lack of subject-matter jurisdiction, because there is not complete diversity of the parties in this civil action. ECF No. 15-1 at 5. Second, Defendant U.S. Bank argues that Ms. Perrin fails to state plausible claims for relief in the complaint, because: (1) the factual allegations in the complaint to support her constructive fraud claim are contradicted by the plain language of the Note; (2) she fails to assert a valid claim for lack of equitable title; and (3) there is no legal basis for the Court to grant injunctive relief related to the foreclosure action involving the Property. *Id.* at 3-5. And so, Defendant U.S. Bank requests that the Court dismiss this matter. *Id.* at 6.

In her response in opposition to Defendant U.S. Bank's motion to dismiss, Ms. Perrin does not directly respond to many of the arguments raised by Defendant U.S. Bank. *See generally* ECF No. 18. But Ms. Perrin generally argues that the Court should not dismiss this matter, because the complaint states valid claims for relief and due process requires a full

accounting and evidentiary review regarding the mortgage loan transaction at issue in this case. *Id.* at 1-3. And so, Ms. Perrin requests that the Court deny Defendant U.S. Bank's motion to dismiss. *Id.* at 3.

For the reasons that follow, Ms. Perrin has not met her burden to establish that the Court possesses subject-matter jurisdiction to consider her state law claims against the Defendants. Even if Ms. Perrin could establish subject-matter jurisdiction, a careful reading of the complaint also shows that Ms. Perrin's claims are not plausible. And so, the Court: (1) GRANTS Defendant U.S. Bank's motion to dismiss (ECF No. 15); (2) DENIES-as-MOOT the Plaintiff's motion for judicial notice (ECF No. 17); and (3) DISMISSES the complaint.

**A. Ms. Perrin Has Not Established Jurisdiction**

As an initial matter, Ms. Perrin has not met her burden to show that the Court has subject-matter jurisdiction to consider the claims brought in this case. Because the complaint asserts state law claims against the Defendants, the Plaintiff must rely upon 28 U.S.C. § 1332(a)(1) to establish subject-matter jurisdiction in this case. *See* 28 U.S.C. §§ 1331 and 1332; *see also Pebbles v. Corp. Hollywood*, No. 25-797, 2025 WL 1079533, at *1 (D. Md. Apr. 10, 2025). Under this statute, the Court possesses jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). And so, there must be "complete diversity" among the parties in this case, for diversity jurisdiction to exist. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).

In the complaint, Ms. Perrin alleges that she is a resident of Maryland (ECF No. 1 at 4) and that Defendant U.S. Bank is a citizen of Minnesota (*id.* at 2). But Ms. Perrin also brings claims against Defendant Homeside Financial, which is a Maryland limited liability company.[3] Given this, there is not complete diversity of the parties in this case, because the Plaintiff and Defendant Homeside Financial both appear to be citizens of Maryland. And so, the Court must DISMISS the complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**B. Ms. Perrin Fails To State Plausible Claims For Relief**

Even if Ms. Perrin could establish subject-matter jurisdiction in this case, a careful reading of the complaint shows that her claims are not plausible for several reasons.

---

[3] Maryland Business Entity Search, Lower, LLC, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (last visited Sep. 16, 2026) (Department ID: W15453111); Maryland Business Entity Search, Homeside Financial, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (last visited Sep. 16, 2026) (Department ID: T00516041); Homeside, https://www.homeside.com/ (last visited Sep. 16, 2026).

First, Defendant U.S. Bank persuasively argues that Ms. Perrin fails to state a plausible constructive fraud claim in this case, because the factual allegations in the complaint to show constructive fraud are contradicted by the plain language of the Note, which is incorporated by reference into the complaint. ECF No. 15-1 at 3-4; ECF No. 1-2 at 1-2. To state a claim for constructive fraud under Maryland law, Ms. Perrin must allege facts to show a breach of "a legal or equitable duty which . . . the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Franzoy v. Yockey*, 695 F. Supp. 3d 696, 700 (D. Md. 2023) (quoting *Canaj, Inc. v. Baker & Div. Phase III, LLC*, 893 A.2d 1067, 1095 (2006) (internal quotation marks omitted)). In the complaint, Ms. Perrin alleges that the Defendants failed to disclose that "the bank would derive value by treating the Note as a financial asset to be sold, pledged, or monetized through secondary markets or Federal Reserve privileges." ECF No. 1 at ¶ 9. But the plain language of the Note, which Ms. Perrin attaches to the complaint, provides that Ms. Perrin "understand[s] that the Lender may transfer this Note" and that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" ECF No. 1-2 at 1.

Given this, the text of the Note contradicts the allegation in the complaint that the Defendants misled Ms. Perrin about the fact that they could transfer the Note. And so, the Court also DISMISSES Ms. Perrin's constructive fraud claim in Count II of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Ms. Perrin's lack of equitable title claim in Count I of the complaint is also problematic, because the Defendants do not hold equitable title in the Property. In the complaint, Ms. Perrin alleges that she "asserts beneficial ownership of the Note and demands a declaration from this Court that the [Defendants] hold no equitable title to the note or the Security Instrument based on the actual substance of the transaction." ECF No. 1 at ¶ 13. But under Maryland law, the Defendants hold legal, rather than equitable, title in the Property, pursuant to the deed of trust that secures the Note. *In re Denny*, 242 B.R. 593, 598 n.5 (Bankr. D. Md. 1999) (holding that, "[u]pon the granting of a deed of trust, legal title is held by trustee(s) appointed in that instrument, for the benefit of the holder of the debt"); *see also IA Const. Corp. v. Carney*, 656 A.2d 369, 375 (1995), *aff'd*, 672 A.2d 650 (1996) (holding that the mortgagor, while retaining equitable title in the mortgaged property, grants to mortgagee legal title in that property). The bare factual allegations contained in the complaint to support Ms. Perrin's lack of equitable title claim are also insufficient to state a

claim. ECF No. 1 at ¶¶ 12-15. And so, the Court also DISMISSES Ms. Perrin's claim for lack of equitable title in Count I of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

As a final matter, Ms. Perrin's claim seeking injunctive relief regarding the foreclosure sale of the Property is also not plausible, because this claim is precluded by the Anti-Injunction Act. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And so, this statute "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013).

Here, Ms. Perrin alleges that the Defendants have either initiated a foreclosure action on the Property, or that they have threatened to do so (ECF No. 1 at ¶ 19), and she requests that the Court stay any foreclosure proceedings related to the Property (*id.* at ¶ 20 and Relief Requested). Such relief is expressly precluded by the Anti-Injunction Act, because it would require that this Court stay the state court proceedings and Ms. Perrin has not shown that any of the exceptions to the Anti-Injunction Act apply to this case. 28 U.S.C. § 2283; *Atlantic Coast Line R.R. Co.*, 398 U.S. at 286. Given this, Ms. Perrin's injunctive relief claim is not plausible. And so, the Court also DISMISSES this claim, pursuant to Fed. R. Civ. P. 12(b)(6).[4]

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Defendant U.S. Bank's motion to dismiss (ECF No. 15);

(2) **DENIES-as-MOOT** the Plaintiff's motion for judicial notice (ECF No. 17); and

(3) **DISMISSES** the complaint.

A separate Order consistent with this Memorandum Opinion issued on September 15, 2026.

[4] In Count IV of the complaint, Ms. Perrin brings a claim for "equitable accounting." ECF No. 1 at ¶¶ 21-22. But an accounting is a remedy, rather than an independent cause of action, under Maryland law. *In re Rood*, 426 B.R. 538, 556 (D. Md. 2010); *Sol v. M&T Bank*, 713 F. Supp. 3d 89, 110 (D. Md. 2024).

The Clerk is **DIRECTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge